UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-2073 PA (DTBx) | Date | December 5, 2013 |
|---|---|---|---|
| Title | Rosendo Valencia, Jr. v. Bank of America N.A., et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Paul Songco | N/A | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS—ORDER TO SHOW CAUSE

Under Federal Rule of Civil Procedure 10(a), "[e]very pleading must have a caption with . . . a title" and "[t]he title of the complaint must name all the parties." See also C.D. Cal. R. 11-3.8(d) (requiring the names of all parties be listed in the title page for initial pleadings). "The normal presumption in litigation is that parties must use their real names. This presumption is loosely related to the public's right to open courts, and the right of private individuals to confront their accusers." Doe v. Kamehameha Sch., 596 F.3d 1036, 1042 (9th Cir. 2010) (citations omitted); see also United States v. Doe, 488 F.3d 1154, 1156 n.1 (9th Cir. 2007).

In the present case, two different individuals are identified as the plaintiff in the Complaint. While the title of the Complaint names "Rosendo Valencia[,] Jr[.]" as the plaintiff, paragraph 2 of the Complaint alleges that "[a]t all times relevant herein, the Plaintiff, BENJAMIN CORONA, (Hereinafter referred as [sic] "Plaintiff") . . . resided at and continues to reside at . . . the Property and is the true Owner of the Property."

Accordingly, the Court orders the plaintiff to show cause in writing why this action should not be dismissed for failure to comply with Federal Rule of Civil Procedure 10. See Doe v. Rostker, 89 F.R.D. 158, 163 (N.D. Cal. 1981) ("This court has both the duty and the right to ensure compliance with the Federal Rules and to take action necessary to achieve the orderly and expeditious disposition of cases.") In the alternative, the plaintiff may file an amended complaint, listing the plaintiff's correct name in the title and throughout the body of the complaint. The plaintiff's response to this Order shall be filed by December 19, 2013. Failure to timely respond to this Order may result in the dismissal of this action.

IT IS SO ORDERED.